

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

WILL WILSON
ATTORNEY GENERAL

October 6, 1961

Honorable William J. Burke     Opinion No. WW-1159
Executive Director
State Board of Control        Re:  Construction of House
Austin, Texas                      Bill 189, 57th Legisla-
                                   ture, and the classifica-
                                   tion plan in reference
                                   to certain employees of
                                   the San Jacinto State
                                   Park who were heretofore
Dear Mr. Burke:                    paid on a daily basis.

        You have requested this office for an
opinion on the questions of:

        ". . . (1)  Should employees who have been
        on the payroll as regular employees of the
        San Jacinto Park Commission and paid on a
        daily rate from the appropriation item titled
        'Wages and Extra Help' (H.B. 4) who now under
        the provisions of House Bill 189 and the
        classification plan are classified as
        'Laborers' with job specification 9003 be
        brought under the provisions of the classi-
        fication plan and the salary schedule as
        regular employees on the payroll as of
        August 31, 1961 and thereby entitled to com-
        putation of annual salary bates in keeping
        with the provisions of House Bill 189, Sec-
        tion 2, paragraph 3?

        "(2)  If your answer to question one
        (1) above is in the affirmative, should an
        employee furloughed for two weeks due to a
        lack of funds in the 'Wages' account (H.B.
        4), a situation beyond the control of the
        San Jacinto Park Commission and the employee,
        be returned to and continued on the park
        payroll as of September 1, 1961 as a regular
        employee and his salary under the classifica-
        tion plan established in keeping with the
        language and intent of paragraph three (3),
        Section two (2) of H.B. 189, 57th Legisla-
        ture, Regular Session?"

The nature of the questions posed necessitates the setting out the factual background. Four of the employees of the San Jacinto State Park, under the provisions of Senate Bill 1, Acts of the 57th Legislature, 1st Called Session, and House Bill 189, Acts of the 57th Legislature, Regular Session, Chapter 123, page 238, the Position Classification Act of 1961, have been classified as "Laborers" with job specification of 9003. These four employees, while compensated previously on a daily rate basis rather than an annual salary basis, have been regularly employed by the San Jacinto Park for periods of time ranging from two (2) to seven (7) years. The annual earnings for these four employees for the year ending August 31, 1961, even though paid on a daily rate basis, and their contributions to the Employees Retirement Fund are set forth as follows:

| "Employee | Earnings | Retirement |
|-----------|----------|------------|
| A | $2,547.60 | $140.44 |
| B | 2,420.00 | 573.04 |
| C | 2,723.60 | 930.41 |
| D | 2,260.00 | 251.50 |

For the biennum commencing with the 1st day of September, 1951, and ending on the 31st day of August, 1961, these four employees have been compensated from funds appropriated to the San Jacinto State Park pursuant to the provisions of House Bill 4, Acts of the 56th Legislature, 3rd Called Session, Chapter 23, page 562, the General Appropriation Bill, under the allocation of "Wages and Extra Help."

The Comptroller of Public Accounts has raised the question of whether or not these four employees fall within the provisions of Section 2 of House Bill 189 which provide that:

> ". . . Specifically exempted from the Position Classification Plan hereinafter described are . . . hourly employees, part-time and temporary employees. . . .",

and thereby are now considered as new employees and thus subject to the provisions of Section 13B of Article III of Senate Bill 1 which provide that:

> "B. Hiring Policies. (1) New employees will be started at the minimum salary of

the range to which the position is assigned; . . ."

While the four employees involved in the instant case have heretofore been employed by the San Jacinto State Park on a daily rate basis, House Bill 4 contained no provision making this method of compensation necessary. Such employees could have been employed by the San Jacinto State Park on an annual salary basis rather than a daily rate basis, and the only limitation placed upon the San Jacinto State Park was the availability of appropriated funds in the "Wages and Extra Help" fund from which these four employees were paid.

As these four employees are not hourly employees, and in turn could not be considered part-time or temporary employees in view of their past employment with the San Jacinto State Park, but in actuality were regular, full-time employees of the San Jacinto State Park, such employees would not fall within the exemption from the Position Classification Plan found in Section 2 of House Bill 189.

Such being the case and in view of the provisions of paragraph three (3) of Section 2 of House Bill 189 which provide that:

"It is further provided, however, that _no_ _employee_ _who_ _is_ _presently_ _employed_ _by_ _the_ _State_ _shall_ _be_ _paid_ _less_ _through_ _the_ _application_ _of_ _this_ _Act_ _than_ _the_ _salary_ _he_ _received_ _in_ _accordance_ _with_ _the_ _provisions_ _of_ _House_ _Bill_ _No._ _4,_ Acts of the Fifty-sixth Legislature, Third Called Session, 1959, or the minimum of the appropriate salary range specified in the General Appropriations Act effective September 1, 1961, whichever is the higher, so long as said employee remains in such classified position under the Position Classification Plan." (Emphasis added)

We are of the opinion that the four employees in the instant case would be entitled to compensation, in their classification as "Laborers" with job specification of 9003, in an annual amount of not less than the total compensation they had received on a daily rate basis during the period commencing September 1, 1960 and ending August 31, 1961.

Your first question being answered in the affirmative, this then raises the question of whether or not one of these employees who had been furloughed for a period of two weeks at the end of the biennum due to a lack of available funds in the "Wages and Extra Help" account, will be compensated pursuant to the provisions of Section 2 of House Bill 189 or whether the following provisions of Section B of Article III of Senate Bill 1 are applicable:

"(3) Reinstated Employees. An employee who leaves state employment due to illness or some other circumstance and returns to his same position in state employment at a later date, may be reinstated to his former position at the salary rate he had when he left state employment, provided it shall not exceed the maximum rate of the prescribed salary group. If this former rate exceeds the maximum of the range in the prescribed salary group then the position shall be paid at not more than the maximum."

We are of the opinion that an employee who had been temporarily furloughed under these circumstances set forth herein has not left State employment within the sense contemplated by Section B(3) of Article III of Senate Bill 1, and therefore could be returned to the payroll of the San Jacinto State Park on September 1, 1961, and compensated pursuant to the provisions of paragraph three (3) of Section 2 of House Bill 189, and in an amount of not less than the rate of compensation he had received during the period commencing September 1, 1960 and ending August 31, 1961.

## S U M M A R Y

The four employees of the San Jacinto State Park in the instant case are entitled to compensation in an amount of not less than the rate of compensation they had received on a daily rate basis, during the period commencing September 1, 1960 and ending August 31, 1961.

The employee in the instant case who had been temporarily furloughed

has not left State employment within the sense contemplated by Section B(3) of Article III of Senate Bill 1 and could be returned to the payroll of the San Jacinto State Park on September 1, 1961, and compensated pursuant to the provisions of paragraph three (3) of Section 2 of House Bill 189.

Yours very truly,

WILL WILSON
Attorney General of Texas

PB:lgh

By: Pat Bailey
Pat Bailey
Assistant

APPROVED:

OPINION COMMITTEE
W. V. Geppert, Chairman

Bob Eric Shannon
Jack Goodman
Colman Gay III
Harry Hewell

REVIEWED FOR THE ATTORNEY GENERAL
BY: Houghton Brownlee, Jr.